**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANE DOE,

Plaintiff,

v. Case No. 3:26-cv-02311

REGINALD MCKINNEY, Individually,
T.K. WATERS in his official capacity as
Sheriff of Jacksonville, and
the CITY OF JACKSONVILLE,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

Plaintiff, JANE DOE, by and through her undersigned counsel, respectfully seeks leave of this Court to proceed pseudonymously because her substantial privacy interests outweigh the presumption of openness in judicial proceedings.

**MEMORANDUM OF LAW IN SUPPORT**

Plaintiff brings this civil-rights action arising from the alleged misconduct of Defendant REGINALD MCKINNEY, a law enforcement officer with the Jacksonville Sheriff's Office. Plaintiff asserts claims under 42 U.S.C. §1983 and Florida law against MCKINNEY and related claims against the remaining Defendants. Plaintiff seeks leave to proceed pseudonymously because public disclosure of her identity would require disclosure of matters of a highly intimate nature and implicates a substantial privacy interest that outweighs the presumption of openness in judicial proceedings.

## SUMMARY OF THE FACTS

1. Plaintiff was a 23-year-old woman residing in Duval County, Florida. At all material times, Defendant MCKINNEY was a sworn law enforcement officer employed by the Jacksonville Sheriff's Office ("JSO"), acting under color of state law and within the course and scope of his employment. MCKINNEY was on duty, in full uniform, and operating a marked patrol vehicle.

2. On September 4, 2024, at approximately 1:19 a.m., MCKINNEY initiated a lawful traffic stop of Plaintiff's vehicle in Jacksonville, Florida. Plaintiff promptly stopped and complied with his instructions.

3. During the traffic stop, MCKINNEY informed Plaintiff that her driver's license was suspended, that there was an order to seize her vehicle tag, and that he had the authority to arrest her. MCKINNEY then told Plaintiff that he would not arrest her.

4. While exercising his law enforcement authority over Plaintiff, MCKINNEY began commenting on her physical appearance, repeatedly telling her that she was "fine" and "hot" and making comments of a sexual nature.

5. MCKINNEY directed Plaintiff to exit her vehicle and accompany him to his patrol vehicle, where he showed her information on his computer concerning her driver's license and vehicle registration. During the encounter, MCKINNEY intentionally deactivated his body-worn camera and informed her of doing so.

6. MCKINNEY continued making comments about Plaintiff's appearance, asked for her telephone number, told her that he wanted a hug, and then directed her to follow his marked patrol vehicle to another location several blocks away.

7. Having just been informed by MCKINNEY that he possessed the authority to arrest her, Plaintiff reasonably believed she was not free to disregard his directions or terminate the encounter.

Plaintiff feared that she would be arrested if she refused to comply and therefore followed MCKINNEY as directed.

8. MCKINNEY led Plaintiff to a secluded location several blocks away from the original traffic stop. Upon arriving, MCKINNEY directed Plaintiff to exit her vehicle and again requested a hug. Plaintiff complied because she remained fearful of MCKINNEY and believed she was not free to refuse.

9. During the encounter, MCKINNEY intentionally touched Plaintiff's buttocks and groin area without her consent. He thereafter asked Plaintiff to meet him when he was off duty so that they could have "fun."

10. After MCKINNEY permitted Plaintiff to leave, she drove home visibly upset and emotionally distressed. She disclosed what had occurred to her family and thereafter reported MCKINNEY's conduct to law enforcement.

## I. ARGUMENT

Federal Rule of Civil Procedure 10(a) generally requires a complaint to name all parties in every pleading. The Eleventh Circuit recognizes, however, that a plaintiff may proceed under a pseudonym when she demonstrates a substantial privacy right that outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011).

In determining whether that showing has been made, courts consider whether the plaintiff: (1) is challenging governmental activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled to admit an intent to engage in illegal conduct and thereby risk criminal prosecution. *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020); *Plaintiff B*, 631 F.3d at 1316. These considerations are not

prerequisites or a rigid test. Rather, the Court considers the totality of the circumstances in determining whether the plaintiff's privacy interests outweigh the presumption of openness. *Chiquita Brands*, 965 F.3d at 1247 n.5 ("[W]hether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question."). *Plaintiff B*, 631 F.3d at 1316.

Here, two of the principal considerations identified by the Eleventh Circuit are directly implicated. Plaintiff challenges the alleged abuse of governmental authority by a law enforcement officer, and litigating her claims will require disclosure of highly intimate allegations concerning unwanted sexual touching. Moreover, Defendants already know Plaintiff's identity, and her use of a pseudonym will not impair their ability to investigate her allegations, conduct discovery, or defend this action. Under the totality of these circumstances, Plaintiff's substantial privacy interests outweigh the public interest in disclosure of her identity.

**A. Plaintiff Challenges Governmental Activity.**

Another factor weighing in favor of pseudonymity is whether the plaintiff is challenging governmental activity. *Plaintiff B*, 631 F.3d at 1316; *Chiquita Brands*, 965 F.3d at 1247. Plaintiff's claims arise directly from the alleged abuse of governmental authority by a sworn law enforcement officer. Defendant MCKINNEY did not encounter Plaintiff as a private citizen. He encountered her while on duty, in uniform, operating a marked patrol vehicle, and exercising the authority of his office during a traffic stop.

Although the traffic stop was initially lawful, Plaintiff alleges that MCKINNEY used his law enforcement authority to control the encounter and obtain her compliance. He informed Plaintiff that he possessed the authority to arrest her, directed her to exit her vehicle, instructed her to follow his patrol vehicle to a secluded location, and thereafter subjected her to unwanted sexual

touching. Plaintiff, in fear of arrest, reasonably believed that she was not free to disregard his directives or terminate the encounter.

The governmental authority entrusted to MCKINNEY is therefore not incidental to Plaintiff's claims; it is central to them. Plaintiff alleges that MCKINNEY used the power and authority of his public office to facilitate the very conduct giving rise to this action. Her Section 1983 claim likewise seeks redress for the alleged deprivation of her constitutional rights under color of state law.

Accordingly, because this action challenges the alleged misuse of governmental law enforcement authority, this factor weighs in favor of permitting Plaintiff to proceed under a pseudonym.

**B. This Action Requires Plaintiff to Disclose Matters of the Utmost Intimacy.**

This action necessarily requires Plaintiff to disclose highly personal and intimate details concerning alleged nonconsensual sexual touching by a law enforcement officer. Plaintiff alleges that MCKINNEY used his law enforcement authority to direct her to a secluded location, where he touched her buttocks and groin without her consent. These allegations concern precisely the type of deeply personal information that weighs in favor of permitting a plaintiff to proceed pseudonymously.

Plaintiff does not seek anonymity merely to avoid embarrassment, criticism, or unwanted publicity. Rather, proceeding under her legal name would publicly and permanently associate her identity with allegations concerning unwanted sexual touching of her intimate body parts and the resulting emotional and psychological harm. These intimate matters will necessarily remain central to the litigation of her claims.

Accordingly, requiring Plaintiff to litigate under her legal name would compel public disclosure of matters of the utmost intimacy, which weighs substantially in favor of permitting her to proceed under a pseudonym.

### C. Permitting Plaintiff to Proceed Under a Pseudonym Will Not Prejudice Defendants.

Permitting Plaintiff to proceed under a pseudonym will not impair Defendants' ability to investigate the allegations, conduct discovery, or defend this action. The Eleventh Circuit has recognized that where defendants know a pseudonymous plaintiff's identity, they remain able to conduct "a full range of discovery in building a defense for trial." *Plaintiff B*, 631 F.3d at 1318–19.

Here, Plaintiff's identity is not unknown to Defendants. Defendant MCKINNEY knows Plaintiff's identity from the underlying traffic stop and subsequent criminal investigation. Likewise, JSO knows Plaintiff's identity because Plaintiff reported MCKINNEY's conduct to JSO and participated in the resulting investigation.

Plaintiff does not seek to conceal her identity from Defendants. She seeks only to protect her identity from public disclosure. Plaintiff will provide her full name and identifying information to Defendants and will participate fully in discovery, while maintaining the confidentiality of that identifying information from the public.

Defendants therefore will have the same ability to investigate Plaintiff's claims and damages, conduct discovery, and prepare their defenses as they would if Plaintiff's name appeared publicly on the docket. Under these circumstances, the limited use of a pseudonym imposes no meaningful prejudice upon Defendants.

## II. CONCLUSION

Considering the totality of the circumstances, Plaintiff's substantial privacy interests outweigh the presumption of openness in judicial proceedings. Plaintiff challenges the alleged abuse of governmental authority by a law enforcement officer; adjudication of her claims will necessarily require public disclosure of highly intimate allegations concerning unwanted sexual touching; and permitting her to proceed under a pseudonym will not impair Defendants' ability to investigate the claims, conduct discovery, or defend this action. The substance of this litigation, including the allegations against Defendant MCKINNEY and the Court's adjudication of those allegations, will remain open to public scrutiny. Only Plaintiff's identity will be protected from public disclosure. Accordingly, the balance weighs in favor of permitting Plaintiff to proceed as Jane Doe.

For the reasons stated above, Plaintiff requests that this Court grant her leave to proceed pseudonymously in the case.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order permitting Plaintiff to proceed under the pseudonym "Jane Doe" in this action, directing that Plaintiff's true name and identifying information be protected from public disclosure, and granting such other and further relief as the Court deems just and proper.

Date: September 4, 2026 Respectfully submitted,

*/s/ Mary Sherris*
MARY SHERRIS
Counsel for Plaintiff
Sherris Legal, P.A.

**CERTIFICATION REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

**I HEREBY CERTIFY** (1) That no generative AI was used in the drafting and preparation of the filing; **or** (2) To the extent that generative AI was used in any drafting of the filing, that any language drafted by AI, even if later edited by a human, was personally reviewed by the filer or another human for accuracy and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority.

**LOCAL RULE 3.01(g) CERTIFICATION**

**I HEREBY CERTIFY** that Defendants have not yet been served and no counsel has appeared on their behalf. Accordingly, Plaintiff was unable to confer with Defendants before filing this Motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **4th day of September, 2026** a true and correct copy of the foregoing was electronically filed with the Florida Courts E-Filing Portal system which will send a notice of electronic filing to all attorneys of record.

***/s/Mary Sherris***
**Mary Sherris**
Florida Bar Number: 0138134
Sherris Legal, P.A.
121 South Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 999-9955 Phone
Primary E-mail: msherris@sherrislegal.com
Secondary E-mail: service@sherrislegal.com
*Lead Attorney for Plaintiff*